ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona
CHRIS CURRAN
Special Assistant U.S. Attorney
State Bar No.: 025227
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: christopher.curran@usdoj.gov
Attorneys for Plaintiff

FILED ___ LODGED
RECEIVED ___ COPY

AUG 2 2018

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CR 18-1539-TUC-RCC (BGM) |
| | Mag. No. 18-8717M (BGM) |
| Plaintiff, | |
| vs. | PLEA AGREEMENT |
| Richard Allen Tinsley, | |
| Defendant. | (Fast Track U.S.S.G. § 5K3.1) |

The United States of America and the defendant agree to the following disposition of this matter:

## PLEA

The defendant agrees to plead guilty to the Information charging the defendant with a violation of 8 U.S.C. §§ 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(i), Harboring of Illegal Aliens for Profit, a felony.

## ELEMENTS OF THE OFFENSE AND SENTENCING FACTOR

1. The defendant knew or was in reckless disregard of the fact that certain aliens had come to, entered, or remained in the United States in violation of law; and

2. The defendant did knowingly harbor, conceal, or shield from detection such aliens in any place, including any building or any means of transportation for the purpose of avoiding said aliens' detection by immigration authorities.

3. The defendant committed the offense for the purpose of commercial advantage or private financial gain.

## STIPULATIONS, TERMS AND AGREEMENTS

### Maximum Penalties

A violation of 8 U.S.C. § 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(i), is punishable by a maximum fine of $250,000.00, or a term of imprisonment of 10 years, or both, plus a term of supervised release of three years and a special assessment of $100. The special assessment is due and payable at the time the defendant enters the plea of guilty, and must be paid by the time of sentencing unless the defendant is indigent. If the defendant is indigent, the special assessment will be collected according to Title 18, United States Code, Chapters 227 and 229.

The defendant will pay upon conviction an additional $5,000 special assessment pursuant to 18 U.S.C. § 3014(a), unless the Court determines that the defendant is indigent.

### Agreements Regarding Sentence

1.  **Guideline Calculations:** Although the parties understand that the Guidelines are only advisory and just one of the factors the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties stipulate and agree that the below guideline calculations are appropriate for the charge for which the defendant is pleading guilty:

| | | |
|---|---|---|
| Base Offense Level | 2L1.1(a)(3) | 12 |
| Prior Immigration Conviction | 2L1.1(b)(3) | +2 |
| Unaccompanied Minor | 2L1.1(b)(4) | +4 |
| Acceptance of Responsibility | 3E1.1(a)&(b) | -3 |
| Early Disposition/Government Savings | 5K3.1/5K2.0 | -3 |
| **Total Adjusted Offense Level:** | | **12** |

2.  **Sentencing Range:** Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the government and the defendant stipulate and agree that the following are the applicable guideline ranges for the offense, based on the defendant's criminal history category (CHC):

| | |
|---|---|
| CHC I: | a sentencing range of 10-16 months' imprisonment. |
| CHC II: | a sentencing range of 12-18 months' imprisonment. |
| CHC III: | a sentencing range of 15-21 months' imprisonment. |
| CHC IV: | a sentencing range of 21-27 months' imprisonment. |
| CHC V: | a sentencing range of 27-33 months' imprisonment. |
| CHC VI: | a sentencing range of 30-37 months' imprisonment. |

3. The defendant may withdraw from the plea agreement if he/she receives a sentence that exceeds the stipulated ranges listed above.

4. If the defendant moves for any adjustments in Chapters Two, Three or Four of the Sentencing Guidelines or any "departures" from the Sentencing Guidelines, the government may withdraw from this agreement. If the defendant argues for a variance under 18 U.S.C. § 3553(a) in support of a sentence request below the stipulated range in this agreement, the government may oppose the requested variance. The government, however, will not withdraw from the agreement if the defendant argues for, and the Court grants, a variance below the stipulated range in this agreement.

5. The parties agree that the defendant was an average participant in the offense for the purpose of role analysis under U.S.S.G. §§ 3B1.1 and 3B1.2.

6. If the Court, after reviewing this plea agreement, concludes any provision is inappropriate under Fed. R. Crim. P. 11(c)(5), it may reject the plea agreement, giving the defendant, in accordance with Fed. R. Crim. P. 11(d)(2)(A), an opportunity to withdraw the defendant's guilty plea.

7. The defendant recognizes that pleading guilty may have consequences with respect to his/her immigration status if defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Removal and other immigration consequences may be the subject of a separate judicial or administrative proceeding, and the defendant has discussed the direct and collateral implications this plea agreement may have with his or her defense attorney. Defendant nevertheless affirms that he/she wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is defendant's automatic removal from the United States.

Plea Addendum

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contained all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and

may be filed with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

### Waiver of Defenses and Appeal Rights

Provided the defendant receives a sentence not to exceed 37 months' imprisonment, the defendant waives any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the information or indictment, or to the petition to revoke, or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant providing the sentence is consistent with this agreement. The sentence is in accordance with this agreement if the sentence imposed is within the stipulated range or below the stipulated range if the Court grants a variance. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under 18 U.S.C. § 3742 (sentence appeals); (3) any right to appeal the district court's refusal to grant a requested variance; (4) any right to collaterally attack defendant's conviction and sentence under 28 U.S.C. § 2255, or any other collateral attack; and (5) any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c). The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his/her conviction or sentence in this case. If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

### Reinstitution of Prosecution

Nothing in this agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, or any other offense

1  committed by the defendant after the date of this agreement. In addition, if the defendant
2  commits any criminal offense between the date of this agreement and the date of
3  sentencing, the government will have the right to withdraw from this agreement. Any
4  information, statements, documents and evidence which the defendant provides to the
5  United States pursuant to this agreement may be used against the defendant in all such
6  proceedings.
7       If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any
8  court in a later proceeding, the government will be free to prosecute the defendant for all
9  charges as to which it has knowledge, and any charges that have been dismissed because
10 of this plea agreement will be automatically reinstated. In such event, the defendant waives
11 any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth
12 Amendment to the Constitution as to the delay occasioned by the later proceedings.
13 Defendant agrees that the stipulated sentencing ranges set forth under "Agreements
14 Regarding Sentence" will not be offered if prosecution is re-instituted.

### Disclosure of Information to U.S. Probation Office

16      The defendant understands the government's obligation to provide all information
17 in its file regarding defendant to the United States Probation Office. The defendant fully
18 understands and agrees to cooperate fully with the United States Probation Office in
19 providing all information requested by the probation officer.

### Effect on Other Proceedings

21      I further understand that if I violate any of the conditions of my supervised release,
22 my supervised release may be revoked. Upon such revocation, notwithstanding any other
23 provision of this agreement, I may be required to serve a term of imprisonment or my
24 sentence may otherwise be altered.

### WAIVER OF DEFENDANT'S RIGHTS

26      I have read each of the provisions of the entire plea agreement with the assistance
27 of counsel and understand its provisions. I have discussed the case and my constitutional
28 and other rights with my attorney. I understand that by entering my plea of guilty I will be

- 5 -

giving up my right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witnesses against myself by asserting my privilege against self-incrimination; all with the assistance of counsel, to be presumed innocent until proven guilty beyond a reasonable doubt, and to appeal. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct."

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charge to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence.

My guilty plea is not the result of force, threats, assurance or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney) that are not contained within this written plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

## FACTUAL BASIS AND SENTENCING FACTOR

I agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty and that if this matter were to proceed to trial the government could prove these facts beyond a reasonable doubt:

On July 14, 2018, at or near Douglas, in the District of Arizona, I, Richard Allen Tinsley, did harbor illegal aliens. I housed at my residence or on my property 5 undocumented aliens while they waited for a driver to come and pick them up and take them to the next stage of their journey into the United States. These individuals were picked up at different locations near the border and brought to my house by different vehicles. I knew that the 5 individuals, including Maria Aguilar-Deleon, Luz Arellano-Gomez, Geronimo Miguel-Garcia, Thomas Negrete-Mitron, and a minor child were citizens of another country with no legal authority to enter into or remain in the United States. The minor child was not accompanied by any relative or any other responsible adult. By housing the 5 individuals, I intended to assist them in remaining in the United States illegally and to assist them in remaining free from detection by Immigration and other law enforcement officials. Some of the aliens had agreed to pay between $4,000 and $6,500 to be smuggled into the United States. I knew the individuals in the group were illegal aliens, and I intended to assist them in remaining in the United States unlawfully. I expected to be paid part of their fees for housing them until they could be transported further into the United States.

Date: 8-2-18

Richard Allen Tinsley
Defendant

### DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Rule 11, Fed. R. Crim. P., the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea, including the defendant's waiver of the right to appeal. No assurances, promises, or representations have been given to me or to the defendant by the government or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure the guilty plea is entered in accordance with all the requirements of Rule 11, Fed. R. Crim. P.

Date: 8/2/18

Kristian Harrison Salter
Attorney for Defendant

## GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

Date: 8-2-18

CHRIS CURRAN
Special Assistant U.S. Attorney